(125 So. 920)

### Bert ELLIS v. STATE. (1 Div. 888.)

Court of Appeals of Alabama. Jan. 21, 1930.

SAMFORD, J. Defendant was convicted on a charge of violating the prohibition laws, and appeals.

The prosecution originated in the inferior court of Mobile county. On conviction in that court, defendant appealed to the circuit court, where trial and conviction were had. There is no bill of exceptions. We find no error in the record, and the judgment is affirmed.

Affirmed.

(121 So. 922)

### Tom ELMORE v. STATE. (8 Div. 796.)

Court of Appeals of Alabama. March 26, 1929.

PER CURIAM. Appeal dismissed.

(125 So. 920)

### Vance ELMORE v. STATE. (8 Div. 2.)

Court of Appeals of Alabama. Jan. 28, 1930.

BRICKEN, P. J. Abated by death of appellant.

(125 So. 920)

### Vance ELMORE v. STATE. (8 Div. 884.)

Court of Appeals of Alabama. Jan. 28, 1930.

SAMFORD, J. Appeal abated by death of appellant.

(127 So. 919)

### Vance ELMORE v. STATE.
### 8 Div. 976.

Court of Appeals of Alabama.
March 18, 1930.

BRICKEN, P. J.

The appellant was convicted for the offense of transporting prohibited liquors or beverages in quantities of more than five gallons, and was duly sentenced to an indeterminate term of imprisonment in the penitentiary for not less than three years and not more than four years. From the judgment of conviction, he appealed.

Upon submission of this case in this court, some suggestion was made to the court of the reported death of this appellant, but as to this we are not sufficiently informed to justify an order abating this proceeding. We therefore overrule the motion to abate. If the appellant is actually dead, the judgment of affirmance we now order will trouble him not a whit. As no error appears upon the record, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.